LUCRETIA PEEBLES *v.* THE NORTH CAROLINA RAIL ROAD COMPANY.

An action brought by a passenger against a Rail Road Company, to recover damages for injuries to her person, does not abate by the death of the plaintiff.

(Gilreath *v.* Allen 10 Ire. 78; Collier *v.* Arrington, Phil. 356, cited and approved.)

CASE, brought to recover damages for personal injuries sustained by the plaintiff whilst a passenger on the road of the defendant. At Spring Term 1868 of the Superior Court of WARREN, before *Buxton, J.*, it was suggested that the plaintiff had died since the last term of the Court, and a motion was made to allow her administrator to become a party. This motion was resisted by the defendant, upon the ground that the action had abated by such death.

His Honor allowed the motion, and the defendant appealed.

*Moore* and *Rogers & Batchelor*, for the appellant.

*Bragg, contra.*

Damages to cover costs and charges, or loss of time, or permanent injury to the person, or pain and suffering even, are not *vindictive*, but *compensatory*, Sedge Dam. 38, 452, 529; Mayne, Dam. 264. Rev. Code ch. 1, §1, compared with §§ 8 and 9.

SETTLE, J. Legislation and the decisions of the Courts,

have wrought great changes in the common law upon this subject, so that we may now say that the maxim "*actio per-sonalis moritur cum persona*" is itself dead, or rather has lost so much of its vitality as to be of very little use.

The general rule now is just the reverse of the old maxim; the exceptions being but few.

"No action, suit, petition, bill in equity, or information in nature of bill in equity or other proceedings of whatever nature, brought to recover or obtain money, property or damages or to have relief of any kind whatever, whether the same be at law or in equity except suits for penalties and for damages merely vindictive, shall abate by reason of the death of either party, &c., but the same may be carried on, by the heirs, executors and administrators of the deceased party." Rev. Code, ch. 1, § 1.

This enactment goes much further than the previous statutes upon the same subject, and in connection with sections 8 and 9 of the same chapter, shows conclusively, that the purpose of the Legislature was to keep alive all actions and causes of action—when the damage is actual and not "merely vindictive." Vindictive damages are such as are usually given against a defendant, as a punishment for an act of fraud, malice or oppression.

Compensatory damages are such as a plaintiff is entitled to recover for an actual injury.

It is a familiar principle that in actions of tort, juries may give, not only compensatory damages for actual injuries, but if there are circumstances of aggravation, they may go further, and take into consideration the malice or insult that accompanied the tortious act of the defendant, and may increase their damages according to the circumstances of aggration. *Gilreath* v. *Allen,* 10 Ired. 67.

The distinction between compensatory and vindictive damages is well established, and is too plain to require explanation.

In the case before us the plaintiff at the time of her death, was seeking to recover damages for permanent injuries to

her person, and for loss of time, and also for moneys, necessarily expended for medical treatment.

With what propriety can damages arising from these causes be called " merely vindictive ?"

Admitting that her representative cannot carry on this. action for the purpose of punishing the defendant, by the recovery of smart money; yet it is clear that he may do so for the purpose already indicated, *Collier* v. *Arrington,* Phil. 356..

The judgment of the Superior Court is affirmed.

This will be certified, &c.

PER CURIAM.·                                    Order accordingly.